UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal No. 07-334 (RMU) |
| KAREN E. EMORY, | : |
| Defendant. | : |

GOVERNMENT'S NOTICE OF INTENT
TO INTRODUCE 404(B) EVIDENCE AT TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this notice of its intent to introduce evidence of other crimes at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. In support of this Notice of Intent, the United States relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this matter.

1.  Defendant currently is charged with destroying government property by setting a fire in a ladies restroom located in a Senate office building. Specifically, the fire occurred after rolls of toilet paper were ignited inside a stall in a ladies restroom on the morning of November 2, 2007. No matches, flammable liquids, or other means of ignition were found in the restroom. A videotape depicting the hallway where the restrooms are located shows defendant entering and leaving the restroom area moments before the fire was discovered.

2.  Shortly after the charged fire was discovered, U.S. Capitol Police officers were directed to check all restrooms in the Senate office buildings for evidence of any additional fires. Defendant thereafter entered a ladies restroom located a short distance away from the restroom where the charged fire occurred. Upon leaving the restroom less than a minute later, defendant alerted a fellow officer that she had found something suspicious. Defendant's colleague then entered the restroom and saw two rolls of singed toilet paper inside one of the stalls. No matches, flammable liquids, or other means of ignition were found in that restroom. Defendant's entry and exit from the

2

restroom is captured on videotape. The videotape also reflects that only one other person entered the restroom before the singed toilet paper was discovered. That individual, who was interviewed by U.S. Capitol Police investigators, stated that she had used the same stall in the restroom earlier that morning and the toilet paper was not singed at that time.

3.      At trial, the government expects that defendant will deny setting the charged fire. The evidence of the singed toilet paper discovered in the second restroom therefore is relevant to the inquiries that a jury will be required to make regarding defendant's intent to set the charged fire, as well as her plan to do so, her identity, and the absence of mistake or accident.

### Applicable Case Law

4.      Fed. R. Evid. 404(b) permits the introduction of others crimes that are extrinsic to the crimes charged to prove a material issue other than character, including motive, opportunity, intent, preparation, plan, knowledge, identity and absence of mistake or accident. "Rule 404(b) is a rule of inclusion rather than exclusion." *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000). "[U]nder Rule 404(b), any purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character." *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir.), *cert. denied*, 498 U.S. 825 (1990).

5.      The D.C. Circuit in *Bowie* described the analysis the Court must undertake in deciding whether to admit other crimes evidence:

> A proper analysis under Rule 404(b) begins with the question of relevance: is the other crime or act relevant and, if so, relevant to something other than the defendant's character or propensity. If yes, the evidence is admissible unless excluded under other rules of evidence such as Rule 403. Stated more formally, a Rule 404(b) objection will not be sustained if: 1) the evidence of other crimes or acts is relevant in that it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed.R.Evid. 401; 2) the fact of consequence to which the evidence is directed relates to a matter in issue other than the defendant's character or propensity to commit crime; and 3) the evidence is sufficient to support a jury finding that the defendant committed the other crime or act, *see Huddleston v. United States*, 485 U.S. 681, 689-90, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

3

232 F.3d at 930.

6.  To obtain a conviction for destroying government property, the government must establish beyond a reasonable doubt that 1) defendant injured or committed a depredation against property; 2) the property involved was property of the United States; and 3) defendant acted willfully. The proffered evidence occurred within minutes of, and a short distance from, the charged fire and both incidents involved the ignition of toilet paper in a similar manner in ladies restrooms. Evidence that defendant committed a second depredation of government property just minutes after the first is relevant to show that she set the charged fire, that she planned and intended to do so, and that the charged fire was not set by mistake or accident. *See United States v. Decicco*, 370 F.3d 206, 212-13 (1st Cir. 2004) (evidence of fire set three years prior to two charged fires was relevant under Rule 404(b) to show common scheme or plan to burn warehouse for insurance proceeds). *See also, U.S. v. Santiago*, No. 05-14155, 2006 WL 3037750 at **3 (11th Cir. Oct. 26, 2006) (evidence that defendant had vandalized property in same warehouse two months prior to charged fire was indicative of motive, intent, identity and lack of accident). The evidence of the second incident is substantially probative of the legitimate purposes for which the government seeks to introduce it and is not unduly prejudicial; therefore, it also should be admitted under Rule 403.

7.  For the foregoing reasons, the government respectfully requests that the court admit the above-described evidence at the trial of this case.

> Respectfully submitted,
>
> JEFFREY A. TAYLOR
> United States Attorney
>
> By:  _____/s/_____
> ANGELA G. SCHMIDT
> Assistant United States Attorney