IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| -v.- | ) | Case No.: 1:07-CR-0334 (RMU) |
| | ) | |
| KAREN EMORY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT KAREN EMORY'S MOTION TO COMPEL
## DISCOVERY OF RULE 16 AND *BRADY* MATERIAL

Defendant Karen Emory respectfully moves this Court for an Order to compel the
production of materials in its possession pursuant to Rule 16(a)(1)(E) of the Federal Rules of
Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963). The information sought is
related to three areas: (1) additional information relevant to the numerous other fires or fire
related incidents that the government has not produced; (2) additional information about the
working and maintenance of the fire alarm and fire alarm systems that the government has not
produced; and (3) the identities of witnesses the government has redacted from materials the
government has produced. The grounds for this motion are more fully set forth in the
accompanying memorandum of law. Ms. Emory's specific requests are:

Other Fire or Fire Related Incidents

1.    Reports of Investigations, Event Reports, and any other investigatory
materials related to the fires and/or fire-related incidents on 10/31/07,
12/5/07, 12/31/07 and 1/10/08, referenced as "other incidents" in the
Government's January 24, 2008 cover letter (Attached as Ex. A);

2.    Radio runs and any other radio communications related to the fires and/or
fire-related incidents on 10/31/07, 12/5/07, 12/31/07 and 1/10/08;

3.  Radio runs and any other radio communications related to the fire-related incidents on 10/4/07 and 11/5/07;

4.  Video footage from the stationary cameras positioned in the areas near each of the fires and/or fire-related incidents on 10/31/07, 12/5/07, 12/31/07 and 1/10/08, referenced as "other incidents" in the Government's January 24, 2008 cover letter;

5.  Video footage from the stationary cameras positioned in the areas near each of the fire-related incidents on 10/4/07 and 11/5/07;

6.  Video footage from the camera located at the Hart C Street Door of the Senate office building complex from 6:00 a.m. through 3:00 p.m. on 9/26/07, 9/28/07, 10/4/07, 10/31/07, 11/2/07, 11/5/07, and from 6:00 a.m. through 6:00 p.m. on 10/3/07;

7.  Video footage from the cameras (both the camera right at the door, and the camera facing in the direction of SDG-50) located at the Dirksen Northwest Door of the Senate office building complex, from 6:00 a.m. through 3:00 p.m. on 9/26/07, 9/28/07, 10/4/07, 10/31/07, 11/2/07, 11/5/07, and from 6:00 a.m. through 6:00 p.m. on 10/3/07;

8.  Video footage from the camera located at the Auditorium door from 6:00 a.m. through 3:00 p.m. on 9/26/07, 9/28/07, 10/3/07, 10/4/07, 10/31/07, 11/2/07, and 11/5/07;

9.  Video footage from the camera located at the ATM located outside the South Servery from 6:00 a.m. through 1:15 p.m. on 10/3/07;

10. Video footage from the camera located at the west door of U.S. Capitol Police Headquarters from 6:00 a.m. through 3:00 p.m. on 9/26/07, 9/28/07, 10/4/07, 10/31/07, 11/2/07, 11/5/07, and from 6:00 a.m. through 6:00 p.m. on 10/3/07;

11. CP-60 sign-in sheets indicating the names of the individuals who signed in to the Senate office building complex on the day of each fire and the day preceding each fire;

12. Handwriting analysis and report from the handwriting exemplar Ms. Emory's provided on 1/15/08;[1]

---

[1]  We understand that the Government intends to produce the handwriting exemplar and test. We include this request in this motion to preserve the issue.

- 2 -

13.    Floor or architectural plans of each floor where the U.S. Capitol Police
       identified evidence of fire or smoke from September 26, 2007, through
       November 5 2007, as well as any other fires that occurred subsequent to
       November 5.  This includes, but is not limited to, the fires and fire-related
       incidents on 10/31/07, 12/5/07, 12/31/07, and 1/10/08, as well as the fire-
       related incidents on 10/4/07 and 11/5/07;

       <u>Fire Alarm Workings, Installation and Maintenance</u>

14.    Documents or information concerning the specific location of Fire Alarm
       0648 (which appears to have been triggered by the 11/2/07 Dirksen fire for
       which Ms. Emory is charged), and the connection between Fire Alarm
       0648 and the security doors between Dirksen and Hart, including but not
       limited to information on the elapsed time between detection/alarm and
       closing of the security doors;

15.    Documents or information showing the make, model number, location,
       and date of installation and any recent maintenance (before the date of
       each respective fire or fire-related incident) or replacement of each
       alarm/detector triggered by the fires and/or fire-related incidents from
       September 26, 2007, through November 5, 2007, as well as any other fires
       that occurred subsequent to November 5.  This includes, but is not limited
       to, the fires and fire-related incidents on 10/31/07, 12/5/07, 12/31/07, and
       1/10/08, as well as the fire-related incidents on 10/4/07 and 11/5/07; and

       <u>Identity of Witnesses</u>

16.    Identifying information of the civilian witnesses listed in the
       government's various reports.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| -v.- ) | Case No.: 1:07-CR-0334 (RMU) |
| ) | |
| KAREN EMORY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT KAREN EMORY'S MEMORANDUM IN**
**SUPPORT OF HER MOTION TO COMPEL DISCOVERY**
**PURSUANT TO RULE 16 AND *BRADY***

Karen Emory respectfully moves this Court for an order under Rule 16(a)(1)(E) of the

Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963) compelling the

United States to produce:  (1) additional information in its possession relevant to the other fires

or fire related incidents in the Dirksen, Hart and Russell Senate Office Buildings and in the

Longworth and Ford House Office Buildings between September 26, 2007 and the present time;

(2) additional information in its possession about the working and maintenance of the fire alarm

system, including the alarm that rang in relation to the fire she was charged with setting; and (3)

the identities of witnesses that have been redacted from materials the government has produced.

The government has informed Ms. Emory that it will make no further productions, necessitating

this motion. *See* Local Criminal Rule 16.1.

**STATEMENT OF FACTS**

Ms. Emory, a United States Capitol Police officer since January 2003, has been charged

with setting fire to toilet paper rolls in a women's restroom ("SD-2W1") in the Dirksen Senate

Office Building on November 2, 2007 in violation of 18 U.S.C. § 1361.  The government's case

is apparently based on two premises: first, that Ms. Emory was near the bathroom a few minutes before the fire alarm sounded, and, second, that Ms. Emory must have started the first fire because was she involved in second incident which the government intends to admit because it expects that Ms. Emory "will deny setting the charged fire." *See* Gov't Notice of Intent to Introduce 404(b) Evidence at Trial, No. 1:07-cr-00334, Docket Entry 10, at 1, ¶1, at 2 ¶3.[2]

Between September 26, 2007 and the present, there were at least sixteen fires or fire related incidents in the Senate Buildings. To its credit, the government has produced some material to Ms. Emory regarding some of the other fires and fire related incidents, as well as information about the alarm that rang on November 2, 2007. Nonetheless, the government has not provided all the information Ms. Emory initially requested on December 21, 2007, and has now refused to produce information in response to the additional requests Ms. Emory has made based on her investigation of the case and preparation of her defense. At this time, the government has informed Ms. Emory that it will make no further productions with the exception of Ms. Emory's request for the handwriting exemplar and report (Request No. 12) which the government has promised. Ms. Emory includes this request in this motion only in order to preserve her position.

Ms. Emory's outstanding production requests fall into three topics: (1) additional information relevant to the other fires or fire related incidents that the government has not produced; (2) additional information about the working and maintenance of the fire alarms and fire alarm systems that the government has not produced; and (3) the identities of witnesses the

---

[2]     Ms. Emory is objecting to the evidence of the second fire in a motion she is also filing today.

government has redacted from materials the government has produced.   Ms. Emory's specific

requests are:

<u>Other Fire or Fire Related Incidents</u>

1.    Reports of Investigations, Event Reports, and any other investigatory materials
related to the fires and/or fire-related incidents on 10/31/07, 12/5/07, 12/31/07 and
1/10/08, referenced as "other incidents" in the Government's January 24, 2008
cover letter (Attached as Ex. A);

2.    Radio runs and any other radio communications related to the fires and/or fire-
related incidents on 10/31/07, 12/5/07, 12/31/07 and 1/10/08;

3.    Radio runs and any other radio communications related to the fire-related
incidents on 10/4/07 and 11/5/07;

4.    Video footage from the stationary cameras positioned in the areas near each of
the  fires and/or fire-related incidents on 10/31/07, 12/5/07, 12/31/07 and 1/10/08,
referenced as "other incidents" in the Government's January 24, 2008 cover letter;

5.    Video footage from the stationary cameras positioned in the areas near each of the
fire-related incidents on 10/4/07 and 11/5/07;

6.    Video footage from the camera located at the Hart C Street Door of the Senate
office building complex from 6:00 a.m. through 3:00 p.m. on 9/26/07, 9/28/07,
10/4/07, 10/31/07, 11/2/07, 11/5/07, and from 6:00 a.m. through 6:00 p.m. on
10/3/07;

7.    Video footage from the cameras (both the camera right at the door, and the
camera facing in the direction of SDG-50) located at the Dirksen Northwest Door
of the Senate office building complex, from 6:00 a.m. through 3:00 p.m. on
9/26/07, 9/28/07, 10/4/07, 10/31/07, 11/2/07, 11/5/07, and from 6:00 a.m. through
6:00 p.m. on 10/3/07;

8.    Video footage from the camera located at the Auditorium door from 6:00 a.m.
through 3:00 p.m. on  9/26/07, 9/28/07, 10/3/07, 10/4/07, 10/31/07, 11/2/07, and
11/5/07;

9.    Video footage from the camera located at the ATM located outside the South
Servery from 6:00 a.m. through 1:15 p.m. on 10/3/07;

10.   Video footage from the camera located at the west door of U.S. Capitol Police
Headquarters from 6:00 a.m. through 3:00 p.m. on 9/26/07, 9/28/07, 10/4/07,
10/31/07, 11/2/07, 11/5/07, and from 6:00 a.m. through 6:00 p.m. on 10/3/07;

11.  CP-60 sign-in sheets indicating the names of the individuals who signed in to the Senate office building complex on the day of each fire and the day preceding each fire;

12.  Handwriting analysis and report from the handwriting exemplar Ms. Emory's provided on 1/15/08;

13.  Floor or architectural plans of each floor where the U.S. Capitol Police identified evidence of fire or smoke from September 26, 2007, through November 5 2007, as well as any other fires that occurred subsequent to November 5. This includes, but is not limited to, the fires and fire-related incidents on 10/31/07, 12/5/07, 12/31/07, and 1/10/08, as well as the fire-related incidents on 10/4/07 and 11/5/07;

Fire Alarm Workings, Installation and Maintenance

14.  Documents or information concerning the specific location of Fire Alarm 0648 (which appears to have been triggered by the 11/2/07 Dirksen fire for which Ms. Emory is charged), and the connection between Fire Alarm 0648 and the security doors between Dirksen and Hart, including but not limited to information on the elapsed time between detection/alarm and closing of the security doors;

15.  Documents or information showing the make, model number, location, and date of installation and any recent maintenance (before the date of each respective fire or fire-related incident) or replacement of each alarm/detector triggered by the fires and/or fire-related incidents from September 26, 2007, through November 5, 2007, as well as any other fires that occurred subsequent to November 5. This includes, but is not limited to, the fires and fire-related incidents on 10/31/07, 12/5/07, 12/31/07, and 1/10/08, as well as the fire-related incidents on 10/4/07 and 11/5/07; and

Identity of Witnesses

16.  Identifying information of the civilian witnesses listed in the government's various reports.

## ARGUMENT

### I.  THE GOVERNMENT'S DISCOVERY OBLIGATIONS PURSUANT TO RULE 16(a)(1)(E)(i) AND *BRADY*

Federal Rule of Criminal Procedure 16(a)(1)(E)(i) provides that the government must

produce documents requested by the defendant that are in its possession and material to

preparing a defense. "Evidence is material under Rule 16 . . . 'as long as there is a strong

indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" *United States v. Karake*, 281 F. Supp. 2d 302, 308 (D.D.C. 2003) (quoting *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998)). "The government cannot take a narrow reading of the term 'material' in making its decisions on what to disclose under Rule 16. Nor may it put itself in the shoes of defense counsel in attempting to predict the nature of what the defense may be or what may be material to its preparation." *United States v. O'Keefe*, 2007 WL 1239204, at *2 (D.D.C. Apr. 27, 2007) (quoting *United States v. Safavian*, 233 F.R.D. 12, 15 (D.D.C. 2005)).

In addition, the Government must provide Ms. Emory any favorable information that tends to negate her guilt pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and its progeny. "Favorable evidence" is that which relates to the defendant's guilt and "tends to help the defense . . . by bolstering the defense case." *Safavian*, 223 F.R.D. at 16. Each of the topics, as well as the specific underlying requests, Ms. Emory has asked for fall under these obligations.

## A.     The Government Must Produce All Materials In Its Possession Relevant To The Other Fire or Fire Related Incidents.

The government contends that a second fire on November 2, 2007 is sufficiently relevant to the charge to be admissible under Federal Rule of Evidence 404(b). While Ms. Emory has filed a motion challenging the admissibility of that information, the government's litigation position as well as its decision to produce some of the requested information is effectively an admission that evidence of other fires and fire related incidents is material. The government should not be permitted to decide, in its sole discretion, which of the other "fires or fire related incidents" is relevant to the charged offense. All of these incidents are potentially relevant and discovery should be provided on each one of them at this stage of the case – recognizing,

however, that whether evidence pertaining to these incidents will be admissible is another question.

Accordingly, Ms. Emory should be provided with all of the reports of investigation (Request No. 1); all of the radio runs (Request Nos. 2-3), all of the relevant video (Request Nos. 4-10) and all of the entry logs (Request No. 11) in order to develop and prepare her defense. This information may help her identify new suspects. It may prove that Ms. Emory could not have committed the charged fire or the various other acts because she was located elsewhere during the relevant periods. It may also raise questions about the quality of the evidence pertaining to the Government's assertion that Ms. Emory was near the bathroom prior to the triggering of the fire alarm.

Ms. Emory's request for the handwriting analysis and report from the exemplar the government requested (Request No. 12) and the architectural plans for the Senate Floors (Request No. 13) are also related to her defense. While the government requested a handwriting test related to a prayer found on November 2, 2007 – a test that did not result in a match – writing was also found on scene of a fire related incident on October 3, 2007. Ms. Emory needs the plans of the relevant floors of the Capital Office Buildings to understand the various access routes to and from the areas where the fires and fire related incidents occurred.[3]

In addition, the government must provide Ms. Emory this information as *Brady* material. In *United States v. Jernigan*, the Court of Appeals for the Ninth Circuit, sitting *en banc*, recently reversed a conviction for bank robbery because the government failed to inform the defendant

---

[3]    Ms. Emory recognizes that access to the Senate Floor plans may be limited for security reasons.    Counsel is willing to agree to reasonable measures to protect their confidentiality.    At trial, however, there may be a need to present some of this information to the jury.

that a person of a similar physical description had committed bank robberies after the

defendant's arrest. *See* 492 F.3d 1050, 1056-57 (9th Cir. 2007). Under the present

circumstances, in which a number of incidents occurred during a short period of time in a single

complex of buildings, the very existence of fires similar to that with which Ms. Emory is charged

is necessarily *Brady* material, as is evidence that the government considered other suspects.

### B.    The Government Must Produce Information About The Fire Alarm Systems or Permit Their Inspection

A critical component of the government's case is that Ms. Emory was near the bathroom

a few minutes before the firm alarm sounded. The government has provided Ms. Emory with

some information about the November 2, 2007 alarm. However, Ms. Emory needs to be

provided additional information about the alarm system and also provided with access to the

system that was activated on November 2, 2007, as well as the other days for which alarms were

activated for fire related incidents.

### C.    The Government Must Identify The Witnesses That it Has Redacted From The Reports.

Finally, Ms. Emory needs the government to provide identifying information about the

civilian witnesses referred to throughout the government's various investigative reports. The

names of persons with knowledge of the facts is essential to both preparing a proper defense, as

well as to promoting timely and just resolution of matters such as this. *See* Wright & Miller, 2

Fed. Prac. & Proc. Crim. 3d § 254.3 (West 2000). Accordingly, in situations similar to the

instant case, where several offenses occurred over a period of time making preparation of

defense complex and difficult, and defendant has never been arrested or convicted for a crime of

violence, courts have recognized that the defendant is entitled to a list of names and addresses of

all witnesses the government intends to call in its case in chief. *U.S. v. Shoher*, 555 F. Supp.

346, 354 (S.D.N.Y. 1983); *see also* Wright & Miller, 2 Fed. Prac. & Proc. Crim. 3d § 254.3

(2003) (names of persons with knowledge of the facts is often the most important information for

proper defense of a case); ABA Standards for Criminal Justice: Discovery and Trial by Jury §

11-2.1(a) (ii) (3d ed. 1996) (prosecution is required to disclose the names and addresses of

persons whom the prosecuting attorney intends to call as witnesses, including rebuttal witnesses

as well as those the government will use in its case-in-chief); Dept. of Justice Manual, § 9-6.200

at 9.202.1 (1992 Supp.) ("Pretrial disclosure of the identity of a government witness may often

promote the prompt and just resolution of the case.").[4]

## CONCLUSION

Because the documents and other information requested by Ms. Emory is subject to Rule

16 discovery as material to the preparation of her defense and because disclosure of such

information may be required under *Brady v. Maryland*, the defendant's motion to compel

discovery should be granted in full.

Respectfully submitted,

/s/ Ronald C. Machen

Ronald C. Machen
D.C. Bar No. 447889
Wilmer Cutler Pickering Hale & Dorr
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6881
Ronald.Machen@wilmerhale.com

---

[4]     Ms. Emory has never been arrested or convicted of a crime of violence and poses no risk
to these witnesses.  Nonetheless, counsel is willing to agree not to share the identifying
information with our client or anyone else outside our defense team to alleviate any possible
concerns.

*Counsel for Defendant Karen E. Emory*

Dated:  February 14, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February, 2008, a copy of the foregoing Defendant Karen Emory's Motion to Compel Discovery of Rule 16 and *Brady* Material was filed electronically with the Clerk of the Court. The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords.

/s/ Monya M. Bunch
Monya M. Bunch

- 10 -

# EXHIBIT A



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*


**January 24, 2008**


**Ronald Machen, Esq.**
**WilmerHale**
**1875 Pennsylvania Ave., N.W.**
**Washington, D.C. 20006**

        Re:    *United States v. Karen E. Emory*, CR 07-334 (RMU)

Dear Mr. Machen:

        Pursuant to your requests of December 21, 2007, and January 7, 2008, enclosed please find as additional discovery in the above-referenced case the following information:

        *Radio runs*:
        Radio runs are enclosed for the following dates and times: 9/26/07 (1203-1331), 9/28/07 (1032-1200), 10/3/07 (0800-1645), 10/31/07 (1252-1351), 11/2/07 (0753-0911).

        *Video footage*:
        Video footage is enclosed for a camera in an automated teller machine located outside the South Servery. The footage is from 1305 to 1415 hours on 10/3/07. No video cameras depict the other locations where fires occurred on 10/3/07, or where fires occurred on 9/26/07, 9/28/07, and 10/31/07.

        *Documents related to the recovery of items on 11/5/07 from HSOB room SH-530*:
1.      Report of Investigation dated 12/11/07.
2.      Statement of facts signed by Ofr. McCatty.
3.      Photographs of the items recovered from the scene.

        *Work schedules:*
1.      Daily time sheet reflecting hours worked by Ms. Emory on the following dates: 9/26/07, 9/28/07, 10/3/07, 10/31/07 and 11/2/07.
2.      Daily time sheet reflecting that Ms. Emory did not work on 11/5/07.

2

3.    Assignment sheets reflecting Ms. Emory's work assignments on the following dates: 9/26/07, 9/28/07, 10/3/07, 10/31/07, 11/2/07.

*Additional reports*:

A Report of Investigation dated 1/18/07 describing a witness interview in connection with the fire on 10/3/07 in DSOB room SD-BW2 is enclosed.

No Report of Investigation was prepared in connection with the 9/28/07 fire, and no event report was prepared in connection with the recovery of items from HSOB room SH-530 on 11/5/07.

*Documents related to the recovery of items on 10/4/07 from a women's restroom near RSOB room SR-324.*

1.    ROI dated 11/30/07 describing investigation of events.
2.    Supplemental Report dated 11/30/07 closing investigation.
3.    PD 251 & 252.
4.    Crime Scene Analysis Report.
5.    Crime Scene Search Diagram.
6.    PD 81.
7.    Photographs of scene.
8.    Assignment sheet reflecting Ms. Emory's work assignment on 10/4/07.

*Other incidents*:

On 10/31/07 at about 7:00 p.m., a Capitol Police officer observed a trash can upended and on fire at 200 Virginia Ave., S.E. Three individuals were questioned at the scene, advised not to use trash cans to cook out, and sent on their way.

On 12/5/07, a panel alarm sounded at the Longworth House Office building. No fire was located and no report was made.

On 12/31/07 at about 7:37 p.m., a fire alarm sounded in the basement of the Hart Senate Office building garage. Upon further investigation, heavy smoke was found in the garage. Capitol Police officers determined that the smoke was caused by Architect of the Capitol employees who were welding.

On 1/10/07 at about 9:13 a.m., a fire occurred in a trash can located outside the Ford House Office building. Upon further investigation, a Capitol Police detective determined that the fire was caused accidentally when a staffer threw the remains of a lit cigarette into the trash can.

Given the nature of these other incidents, the government does not believe that any reports or other documentation of them is necessary to the preparation of the defense.

3

*Ms. Emory's personnel file*:
As I informed you by electronic mail earlier this week, the Capitol Police have requested that Ms. Emory execute a written release authorizing release of her personnel file to you. I will obtain that file for you as soon as possible after obtaining such a release.

*CP-60 sign-in sheets*:
The CP-60 sign-in sheets reflect the names of staffers and their guests who enter the Senate office buildings outside of normal business hours. Given that the incidents in question occurred during normal business hours, the government does not believe that these sign-in sheets are necessary to the preparation of the defense.

We believe that this letter responds to all of your outstanding discovery requests.

Finally, as I informed Mr. Holmwood on January 15, 2008, should your client be interested in a disposition of this case by deferred prosecution, such disposition must be accepted and entered in court no later than February 14, 2008. The government will not consider a deferred prosecution of this case after that date. If you have any questions, please feel free to contact me at (202) 514-7273.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By:    *Angela Schmidt*
ANGELA G. SCHMIDT
Assistant United States Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
|                           ) | |
|        -v.-             ) | Case No.: 1:07-CR-0334 (RMU) |
|                           ) | |
| KAREN EMORY,             ) | |
|                           ) | |
|            Defendant.   ) | |

## [PROPOSED] ORDER COMPELLING DISCOVERY OF
## RULE 16 AND *BRADY* MATERIAL

Upon motion of Defendant Karen E. Emory in the above-captioned case to compel

discovery of all documents, objects, and materials related to fires in the United States Senate

Office Buildings from September 26, 2007 to the present, it is hereby ORDERED:

That the United States make available to the defendant any and all documents,
objects and materials concerning each fire reported to or discovered by the United States Capitol
Police in the three Senate Office Buildings between September 26, 2007 and the present,
including, but not limited to:

<u>Other Fire or Fire Related Incidents</u>

1. Reports of Investigations, Event Reports, and any other investigatory
materials related to the fires and/or fire-related incidents on 10/31/07,
12/5/07, 12/31/07 and 1/10/08, referenced as "other incidents" in the
Government's January 24, 2008 cover letter (Attached as Ex. A);

2. Radio runs and any other radio communications related to the fires and/or
fire-related incidents on 10/31/07, 12/5/07, 12/31/07 and 1/10/08;

3. Radio runs and any other radio communications related to the fire-related
incidents on 10/4/07 and 11/5/07;

4. Video footage from the stationary cameras positioned in the areas near
each of the fires and/or fire-related incidents on 10/31/07, 12/5/07,
12/31/07 and 1/10/08, referenced as "other incidents" in the Government's
January 24, 2008 cover letter;

5.    Video footage from the stationary cameras positioned in the areas near each of the fire-related incidents on 10/4/07 and 11/5/07;

6.    Video footage from the camera located at the Hart C Street Door of the Senate office building complex from 6:00 a.m. through 3:00 p.m. on 9/26/07, 9/28/07, 10/4/07, 10/31/07, 11/2/07, 11/5/07, and from 6:00 a.m. through 6:00 p.m. on 10/3/07;

7.    Video footage from the cameras (both the camera right at the door, and the camera facing in the direction of SDG-50) located at the Dirksen Northwest Door of the Senate office building complex, from 6:00 a.m. through 3:00 p.m. on 9/26/07, 9/28/07, 10/4/07, 10/31/07, 11/2/07, 11/5/07, and from 6:00 a.m. through 6:00 p.m. on 10/3/07;

8.    Video footage from the camera located at the Auditorium door from 6:00 a.m. through 3:00 p.m. on 9/26/07, 9/28/07, 10/3/07, 10/4/07, 10/31/07, 11/2/07, and 11/5/07;

9.    Video footage from the camera located at the ATM located outside the South Servery from 6:00 a.m. through 1:15 p.m. on 10/3/07;

10.    Video footage from the camera located at the west door of U.S. Capitol Police Headquarters from 6:00 a.m. through 3:00 p.m. on 9/26/07, 9/28/07, 10/4/07, 10/31/07, 11/2/07, 11/5/07, and from 6:00 a.m. through 6:00 p.m. on 10/3/07;

11.    CP-60 sign-in sheets indicating the names of the individuals who signed in to the Senate office building complex on the day of each fire and the day preceding each fire;

12.    Handwriting analysis and report from the handwriting exemplar Ms. Emory's provided on 1/15/08;[1]

13.    Floor or architectural plans of each floor where the U.S. Capitol Police identified evidence of fire or smoke from September 26, 2007, through November 5 2007, as well as any other fires that occurred subsequent to November 5. This includes, but is not limited to, the fires and fire-related incidents on 10/31/07, 12/5/07, 12/31/07, and 1/10/08, as well as the fire-related incidents on 10/4/07 and 11/5/07;

Fire Alarm Workings, Installation and Maintenance

14.    Documents or information concerning the specific location of Fire Alarm 0648 (which appears to have been triggered by the 11/2/07 Dirksen fire for which Ms. Emory is charged), and the connection between Fire Alarm

---

[1]    We understand that the Government intends to produce the handwriting exemplar and test. We include this request in this motion to preserve the issue.

0648 and the security doors between Dirksen and Hart, including but not limited to information on the elapsed time between detection/alarm and closing of the security doors;

15.    Documents or information showing the make, model number, location, and date of installation and any recent maintenance (before the date of each respective fire or fire-related incident) or replacement of each alarm/detector triggered by the fires and/or fire-related incidents from September 26, 2007, through November 5, 2007, as well as any other fires that occurred subsequent to November 5.  This includes, but is not limited to, the fires and fire-related incidents on 10/31/07, 12/5/07, 12/31/07, and 1/10/08, as well as the fire-related incidents on 10/4/07 and 11/5/07; and

Identity of Witnesses

16.    Identifying information of the civilian witnesses listed in the government's various reports.


Defendant's Motion is hereby **GRANTED**.

       **SO ORDERED**.


_____

RICARDO M. URBINA

United States District Judge


Dated: