IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| -v.-  ) | Case No.: 1:07-CR-0334 (RMU) |
| ) | |
| KAREN EMORY,  ) | |
| ) | |
| Defendant.  ) | |
| _____) | |

**DEFENDANT KAREN EMORY'S MOTION TO
EXCLUDE EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(B)**

Pursuant to Federal Rules of Evidence 404(b) and 403, defendant Karen Emory respectfully moves this Court to exclude any evidence relating to the "singed toilet paper" cited in the government's Notice Of Intent To Introduce 404(b) Evidence At Trial. The grounds for this motion are more fully set forth in the accompanying memorandum of law.

Respectfully submitted,

/s/ Ronald C. Machen_____
Ronald C. Machen, DC Bar 447889
Wilmer Cutler Pickering Hale and
Dorr LLP
Attorney for Defendant
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone (202) 663-6000
February 14, 2008                    Fax (202) 663 6363

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                        )<br>            -v.-                                        )<br>                                                        )<br>KAREN EMORY,                           )<br>                                                        )<br>            Defendant.                      )<br>_____) | Case No.: 1:07-CR-0334 (RMU) |

**DEFENDANT KAREN EMORY'S MOTION TO
EXCLUDE EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(B)**

The indictment charges the defendant with setting a fire in a women's bathroom on November 2, 2007. This should be a straightforward case about that fire. But now the government seeks to confuse the issues with improper and inadmissible evidence that "singed toilet paper" was found in another bathroom. That evidence is not admissible for any proper purpose under Federal Rule of Evidence 404(b)—and even if it were, its probative value would be substantially outweighed by the resulting prejudice. Finally, if the government's evidence of "singed toilet paper" is admitted at trial, defendant will seek to offer evidence concerning some or all of fourteen other incidents from September 2007 through January 2008.

**STATEMENT OF FACTS**

There were sixteen smoke- and fire-related incidents in Capitol Office Buildings between September 2007 and January 2008. The indictment charges the defendant with setting a single fire in the women's bathroom "SD-2W1" in the Dirksen Senate Office Building at approximately 7:53 AM on November 2, 2007. The fire did not cause any structural damage, but it did burn four rolls of toilet paper. It also resulted in smoke that filled the bathroom and triggered a smoke detector.

1

Shortly after the fire was discovered, the Capitol Police ordered searches of other bathrooms in the Capitol Office Buildings. The defendant was directed to inspect bathrooms near her assigned security post at SH-211 in the Hart Senate Office Building. When she inspected bathroom "SA-W," she discovered burn marks on two rolls of toilet paper in one of the three stalls in the bathroom. There was no active fire; none of the physical evidence suggests that the burning was even recent. After discovering the marks, the defendant immediately notified another officer. That other officer promptly entered the bathroom, confirmed the discovery, and then she and the defendant reported their discovery. The government wants to admit evidence of this event under Rule 404(b) on the basis that it shows identity, intent to set the fire, plan to do so, and absence of mistake or accident.

The government concedes that the defendant was in bathroom SA-W for only a short period of time. The government also concedes that another person had been in the same bathroom earlier that morning. This person presumably claims that she herself did not singe the toilet paper, and she apparently claims that the toilet paper was not singed at the time she used the bathroom. But the government has not disclosed her identity and has not produced any other evidence that defendant (rather than this unidentified individual) caused the burn marks. In fact, other than this one person's alleged statement that she used the relevant stall and did not see two small marks, the government cannot discount the possibility that this act occurred one or more days before it was discovered.

## ARGUMENT

This should be a simple and short trial about the crime charged in the indictment. But now the government seeks to bolster its case with Rule 404(b) evidence concerning "singed toilet paper" found in another bathroom. This proposed evidence will confuse the issues and unfairly prejudice the defendant; require extensive evidence regarding other incidents; require additional

2

preparation and delay; and effectively turn a one-day trial into a lengthy and complicated endeavor examining as many as sixteen smoke- and fire-related incidents. This is precisely why courts in this country have long disfavored other acts evidence; it is the reason for Rule 404(b). *See e.g.*, *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985) (discussing prejudice of other acts evidence).

I. **THE GOVERNMENT'S EVIDENCE OF SINGED TOILET PAPER SHOULD BE EXCLUDED UNDER RULE 404(B) OR IN THE ALTERNATIVE RULE 403**

   A. **The Legal Framework For "Other Acts" Evidence**

The legal framework for "other acts" evidence is straightforward: Federal Rule of Evidence 404(b) provides that other-acts evidence "is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). While the rule does permit other-acts evidence for other purposes—including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," *id*.—the evidence must still separately and independently pass muster under Federal Rule of Evidence 403. In other words, "evidence of an uncharged crime or bad act is admissible if it is relevant, probative of a material issue (such as intent) … and [if] its probative value is not substantially outweighed by its prejudicial effect." *United States v. Mathis*, 216 F.3d 18, 26 (D.C. Cir. 2000). The government's proffered evidence fails under Federal Rules of Evidence 404(b) and 403.

   B. **The Proffered Evidence Is Inadmissible Under Rule 404(b) and 403**

The government's evidence of "singed toilet paper" does not pass this test. First, the true purpose and only effect of the evidence is to show propensity. Second, in light of the differences between the actual fire burning in SD-2W1 and the "singed toilet paper" found in SA-W, the evidence is not probative for the defendant's other proffered purposes (*e.g.*, identity and intent).

3

Finally, even if "singed toilet paper" does have *some* proper probative value, that probative value would be substantially outweighed by the resulting prejudice.

### 1. The Evidence Connecting Defendant To The Second Incident Is Insufficient

The government has the threshold burden of showing that the defendant was actually responsible for its proposed "other act" evidence. *Huddleston v. United States*, 485 U.S. 681, 689 (1988) ("similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor"). The government has not met that burden here. First, there is there no direct evidence that defendant herself caused the burn marks. Second, the evidence will show that the defendant entered SA-W only after she was instructed to search the bathroom, and that she promptly reported her discovery to another officer. Third, at least one other person had the opportunity to make these marks—and in fact many other people may have had the same opportunity, because none of the physical evidence indicates whether the burn marks were recently made. Finally, the defendant had little time to accomplish the act—as the government admits, she was only in the bathroom for a very short time.

### 2. The "Singed Toilet Paper" Incident Is Not Sufficiently Similar To The Fire

The government's proffered purposes—identity, intent to set the fire, plan to do so, and absence of mistake or accident (*see* Def. Notice at 2, 3)—all require a showing that the "other act" bears telling similarities to the charged crime. The D.C. Circuit has explained that, "to use bad acts evidence to show criminal identity through *modus operandi*, the Government must not only show that the extrinsic act 'bears some peculiarity or striking similarity' to the charged crime, but also that it is the defendant's trademark, 'so unusual and distinctive as to be like a signature.'" *United States v. Crowder*, 87 F.3d 1405, 1413 (D.C. Cir. 1996) (citations omitted). Likewise, "when a prior criminal act is relied upon to prove intent or knowledge, similarity

4

between the two events must be shown." *United States v. Foskey*, 636 F.2d 517, 524 (D.C. Cir. 1980). *See also, United States v. Nicely*, 922 F.2d 850 (D.C. Cir. 1991).

The government cannot demonstrate the requisite similarity in this case: while there was an actual fire in SD-2W1, the toilet paper in SA-W was the product of an effort to discolor the toilet paper *without* causing any fire. These two acts were physically different; they had different consequences; and the actor intended different results. This is not the type of probative similarity required under Rule 404(b).

### 3. The Proffered Evidence Is Inadmissible Under Rule 403 Because Its Probative Value Is Substantially Outweighed By The Resulting Unfair Prejudice

Finally, even if the "singed toilet paper" were relevant to some material issue, its probative value would be substantially outweighed by the resulting prejudice to defendant. First, whatever probative value can be extracted from this second incident involving "singed toilet paper" is necessarily minimal. There is no "signature evidence" proving that the defendant must have been responsible for both incidents. The same is true with respect to intent and knowledge: not only are these two very different acts, but there is no reason to believe that either act required some special or sophisticated knowledge such that one incident is probative of the other.

In contrast, the resulting prejudice is obvious and overwhelming. The jury may well conclude that, if the defendant was inclined to singe toilet paper in one bathroom, she would also be inclined to commit the charged crime. That inference, however seductive, is the very evil that Rule 404(b) seeks to avoid. *See, e.g.*, *United States v. Daniels*, 770 F.2d at 1115-1116 ("Our judicial tradition has long barred the introduction of evidence of prior misconduct to prove that an accused was likely as a matter of disposition to have committed the offense for which he or she is on trial."); *see also United States v. Merriweather*, 78 F.3d 1070, 1079 (6th Cir. 1996) (reversing conviction) ("The government's legitimate need to introduce the Jones conversations

5

was slight, while the evidence carried a serious danger of unfair prejudice. The danger was very great that the jurors, rather than consider the Jones conversations for the narrow, precise, legitimate purpose of proving Merriweather's specific intent to distribute and possess cocaine, would far more likely infer that just as Merriweather conspired with Jones, so he conspired with Bender--the very inference that Rule 404(b) forbids."); *United States v. Shavers*, 615 F.2d 266, 271 (5th Cir. 1980) ("Even if evidence of the extrinsic offense was relevant to appellant's intent in the present offense, the prejudicial impact far outweighed any probative value.")

II.  **IF THE GOVERNMENT IS ALLOWED TO OPEN THE DOOR TO THE REQUESTED "OTHER ACTS" EVIDENCE THE DEFENSE WILL SEEK TO OFFER "OTHER ACTS" OF A MORE PROBATIVE NATURE**

Defendant respectfully submits that this case should be tried on the merits of the crime charged in the indictment. However, if the government is permitted to offer "other acts" evidence, defendant will offer exculpatory evidence concerning all or some of the fourteen other smoke- and fire- related incidents between September 2007 and January 2008. This evidence will be admissible to show that someone other than the defendant set the charged fire in SD-2W1.

First, if the "singed toilet paper" has any probative value based on alleged similarities to the fire in SD-2W1, many of these other incidents have greater similarities and correspondingly greater probative value—*e.g.*, they occurred in the Capitol Office Buildings; they discovered in women's bathrooms; and they involved active fires, much like the fire in SD-2W1 (but unlike the toilet paper in SA-W).[1] Second, there is no evidence that defendant was responsible for these incidents—indeed, for some of these incidents there is very strong evidence that she could not

---

[1] Not only are these other incidents more similar to the SD-2W1 fire, but the standards for admission are less strict; evidence for the theory of the defense does not implicate the policies underlying Rule 404(b). *E.g.*, *Daniels*, 770 F.2d at 1116 (concerns for wrongful convictions).

possibly have been involved. This exculpatory evidence therefore supports the defense theory that between September and December 2007, somebody other than the defendant set fires in bathrooms in the Capitol Office Buildings, including the fire in bathroom SD-2W1.

## CONCLUSION

Defendant respectfully requests that the Court grant the motion and exclude any evidence relating to the "singed toilet paper" cited in the government's Notice Of Intent To Introduce 404(b) Evidence At Trial.

Respectfully submitted,

/s/ Ronald C. Machen_____
Ronald C. Machen, DC Bar 447889
Wilmer Cutler Pickering Hale and
Dorr LLP
Attorney for Defendant
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone (202) 663-6000
February 14, 2008                                    Fax (202) 663 6363

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 14th day of February, 2008, a copy of the foregoing DEFENDANT KAREN EMORY'S MOTION TO EXCLUDE EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(B) was filed electronically with the Clerk of the Court.  The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords.

                                                                                                        __/s/ Demian S. Ahn__

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                      )<br>            -v.-                               )       Case No.: 1:07-CR-0334 (RMU)<br>                                                      )<br>KAREN EMORY,                         )<br>                                                      )<br>            Defendant.                  )<br>_____) | |

**ORDER**

This matter is before the Court on Defendant Karen Emory's Motion To Exclude Evidence Under Federal Rule Of Evidence 404(B).  Having duly considered the Motion, the Opposition thereto, and the parties' other submissions, it is this ____ day of _____, 2008,

**ORDERED** that defendant's Defendant Karen Emory's Motion To Exclude Evidence Under Federal Rule Of Evidence 404(B) is **GRANTED;**

It is further **ORDERED** that the evidence cited in the government's Notice Of Intent To Introduce 404(b) Evidence At Trial shall not be admitted against the Defendant at trial.


Date:_____              _____

                                                                    Hon. Ricardo M. Urbina

                                                                    United States District Court

1