U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

February 22, 2008

**FILED**

**FEB 2 8 2008**

**Clerk, U.S. District and Bankruptcy Courts**

Ronald Machen, Esq.
WilmerHale
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006

Re: United States v. Karen E. Emory,
Criminal Number 07-334 (RMU)

Dear Mr. Machen:

This letter sets forth the full and complete Deferred Prosecution Agreement offered to your client, Karen E. Emory, by the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This deferred prosecution offer will expire on February 22, 2008. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Deferred Prosecution Agreement (hereinafter also referred to as the "agreement"). This agreement will become effective on the date that it is accepted by the Court. The terms of the offer are as follows:

### Your Client's Obligations

1. Your client agrees to adopt and sign the attached Stipulation of Facts, in which she admits facts establishing her guilt of the offense charged in the Indictment, specifically, a misdemeanor violation of 18 U.S.C. § 1361. Your client agrees that, within five business days of the effective date of this agreement, your client will tender her unconditional resignation to the United States Capitol Police. Your client further agrees that no later than May 30, 2008, she will pay restitution to the Architect of the Capitol in the amount of $215. Your client agrees to participate in counseling with a licensed professional of her own choosing, at her own expense, at least twice monthly for six months following the effective date of this agreement and at least once monthly for six months thereafter. At the conclusion of these counseling sessions, your client agrees to request and ensure that the professional(s) whom she consulted submit written documentation to the Government of the dates and times that these sessions occurred. Finally, by signing this agreement,

2

your client waives any and all rights to a speedy trial, including those pursuant to the Sixth Amendment of the United States Constitution, 18 U.S.C. § 3161, and Federal Rule of Criminal Procedure 48(b), for the period during which this agreement is in effect.

2.  Your client understands that this agreement must be approved by the Court in accordance with 18 U.S.C. § 3161(h)(2). Should the Court decline to approve this agreement for any reason, both this Office and your client are released from any obligations imposed by this agreement, and this agreement shall be null and void.

### The Government's Obligations

3.  This Office agrees to request that the Court defer prosecution of this case for a period of twelve (12) months from the effective date of this agreement. If, at the conclusion of this twelve (12) month period, your client has completed the requirements of paragraph one and otherwise has not breached this agreement as set forth in paragraphs four through seven below, this Office will move to dismiss the Indictment with prejudice, and this agreement thereafter will expire. This Office also agrees that it will not pursue any additional criminal charges against your client regarding any fire-related incidents that occurred in the United States Senate office buildings between September 26, 2007, and November 2, 2007. Your client agrees that, with respect to any and all charges to be dismissed, your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Breach of Agreement

4.  Your client understands and agrees that if, after entering this agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this agreement, or engages in any criminal activity during the period the agreement is in effect, your client will have breached this agreement. In the event of such a breach: (a) the Government will be free from its obligations under the agreement, including its obligation not to prosecute your client for the conduct set forth in the Indictment in this case; (b) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (c) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any other information or materials provided by your client in entering this agreement, including your client's admission in the attached Statement of Facts.

5.  Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

3

6. Your client understands and agrees that the Government shall only be required to prove a breach of this agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this agreement.

7. Nothing in this agreement shall be construed to permit your client to commit perjury, to make unlawful false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, unlawful false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement.

**Waiver of Statute of Limitations**

8. It is further agreed that, should your client breach this agreement for any reason, then any related prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any count that the Government has agreed not to prosecute or to dismiss pursuant to this agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement or reinstatement of such prosecution. It is the intent of this agreement to waive all defenses based on the statute of limitations with respect to any prosecution related to this agreement that is not time-barred on the date that this agreement is signed.

**Complete Agreement**

9. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

10. Your client further understands that this agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor or agency. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

4

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*Jeffrey A. Taylor /ps.*
JEFFREY A. TAYLOR
United States Attorney

By: *Angela Schmidt*
ANGELA G. SCHMIDT
Assistant United States Attorney

5

## DEFENDANT'S ACCEPTANCE

I have read this Deferred Prosecution Agreement and have discussed it with my attorney, Ronald Machen, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to enter this agreement except those set forth in this agreement. I am satisfied with the legal services provided by my attorney in connection with this agreement and matters related to it.

Date: 2/28/08

_____
Karen E. Emory
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Deferred Prosecution Agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire agreement.

Date: 2/28/08

_____
Ronald Machen, Esquire
Attorney for the Defendant

Approved

Judge Urbina
2-28-08